**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TOBY RAY EDSITTY,

    Plaintiff,

v.                                                        No. CIV 07-0438 JB/ACT

HONORABLE IKEWELL, JUDGE,
CHRISTEEN HOLFFER, ASSISTANT D.A.,
MICHAEL DAVIS, PUBLIC DEFENDER,
MS. J. HAYNES, CASE WORKER L.C.C.F.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff Toby Ray Edsitty's civil rights Complaint. Edsitty is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court finds that Edsitty is unable to pay an initial partial payment pursuant to § 1915(b)(1). For the reasons stated below, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Edsitty's pro se Complaint, the

Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See* Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint asserts claims arising from Edsitty's state court criminal prosecution and incarceration. The Defendants are a state district judge, a prosecutor, a defense attorney, and a corrections caseworker. Edsitty alleges that the state court sentenced him to a three-year prison term. During his incarceration, Edsitty learned that the state court had increased his prison term to five years for habitual offender status. He alleges that his caseworker informed him of the enhancement. He contends that the Defendants' actions violated his rights under the Fifth, Sixth, and Eighth Amendments. The Complaint seeks unspecified injunctive relief, release from custody, and damages.

The Defendants Judge Ikewell and Christeen Holffer are immune to Edsitty's claims. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981) (citing Stump v. Sparkman, 435 U.S. 349 (1978) (additional citations omitted)). Furthermore, the Supreme Court of the United States has held that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976); *and see* Dopp v. Rask, 91 F. App'x 79, 80-81 (10th Cir. 2004) (quoting Kalina v. Fletcher, 522 U.S. 118, 126 (1997)). Edsitty's claims against the Defendants Ikewell and Holffer will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

Edsitty's allegations do not support § 1983 claims against his defense attorney. A private person does not act "under color of state law," as required for purposes of § 1983. *See* Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The general rule is that an attorney, by virtue of being an

officer of the court, is not a state actor and so cannot be sued under § 1983 for actions taken in the course of representing a client.  *See* Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264, 266 (10th Cir. 1994); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983).  The rule includes public defenders who undertake a defense.  *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981); Harris v. Champion, 51 F.3d 901, 909-10 (10th Cir. 1995).  The Court will dismiss Edsitty's claims against the Defendant Michael Davis.

Edsitty's allegations against his caseworker do not support a § 1983 claim.  The Complaint's only allegation against Defendant J. Haynes is that she notified Edsitty of the enhanced sentence that the state court had imposed.  This allegation does not assert the "relevant actual injury," Lewis v. Casey, 518 U.S. 343, 351 (1996), that is required for standing to bring a § 1983 action.  Nor does this allegation present the requisite personal involvement of Haynes in the constitutional violation.  *See* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  The Court will dismiss Edsitty's claims against Haynes.

To the extent that the Complaint's requests for equitable relief may amount to a collateral attack on Edsitty's conviction or sentence, Edsitty must bring these claims under the habeas corpus statutes.  "Section 1983 . . . .  must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983."  Nelson v. Campbell, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  The Court will dismiss these claims without prejudice.

**IT IS THEREFORE ORDERED** that the initial partial payment toward the statutory filing fee is waived;

**IT IS FURTHER ORDERED** that the Plaintiff Toby Ray Edsitty's claims seeking release from custody are dismissed without prejudice, otherwise the complaint is dismissed with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE